John Whealon, Appellant, v. First State & Saving Bank of
Litchfield, Appellee.

INSTRUCTIONS—*requests for contradictory.* A party cannot complain
of the action of the court in refusing an instruction which contradicts

in its statements of law another instruction given at the instance of the same party.

Assumpsit. Appeal from the Circuit Court of Montgomery county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the November term, 1909. Affirmed. Opinion filed May 28, 1910.

HILL & BULLINGTON, for appellant.

PAUL McWILLIAMS, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On September 26, 1907, the plaintiff deposited in the defendant bank the sum of $500 as earnest money upon the purchase by him, through his agent, T. H. Wood, of a certain farm then owned by one W. B. Armstrong. On October 15, following, the defendant paid said sum of money to said Armstrong upon a check therefor signed "John E. Whealon by D. R. Kinder." Kinder was an attorney at law who had been retained and consulted by the plaintiff with reference to the purchase by him of the land from Armstrong. Upon learning that the defendant bank had paid said money to Armstrong, the plaintiff brought this action in assumpsit against it to recover the amount of the said deposit. A trial by jury resulted in a verdict in favor of the defendant and a judgment against the plaintiff in bar of his action and for costs, to reverse which judgment the plaintiff prosecutes this appeal.

The question involved is purely one of fact. When the deposit in question was made by the plaintiff there were present the plaintiff, together with N. W. Snell, the cashier of defendant bank, D. R. Kinder, the attorney for the plaintiff, Michael Morrisson, the president of the defendant bank, and T. H. Woods, the real estate broker employed by the plaintiff. Snell, Kinder and Woods when called as witnesses on behalf of defendant all testified, in substance, that when the plaintiff deposited the money in the defendant bank he orally instructed the cashier, Snell, to pay the same to Armstrong

upon the order or a check to be drawn by Kinder, when the latter should have approved the abstract of title to the farm. Kinder testified that he thereafter approved said abstract. Snell testified that Kinder came to the bank and said the abstract was all right and directed the payment of the money to Armstrong; that he (Snell) told Kinder that it would be necessary to have a check to make the debits and credits appear properly on the books of the bank and that Kinder then gave the check as above indicated, and the money was placed to the credit of Armstrong. The plaintiff denied that he authorized the payment of the money upon the order or direction of Kinder. In this state of the record we must hold that the jury were amply justified in finding that the defendant bank rightfully paid the money to Armstrong.

The plaintiff offered some evidence which was excluded by the court tending to show that when Kinder claimed to have examined and approved the abstract and so informed the defendant bank, said abstract had not in fact been prepared and submitted to Kinder, and the ruling of the trial court in excluding such evidence is assigned as error. In a proceeding by the plaintiff against Kinder, the evidence excluded would have been competent, but such evidence had no bearing upon the issue of fact involved in the case at bar. The case of Merchants Nat'l. Bank v. Nichols & Shepard Co., 223 Ill. 41, cited by plaintiff in support of the doctrine that an agent cannot enlarge the scope of his authority by his own statements or declarations is not in point, because the scope of Kinder's authority as agent for plaintiff does not rest upon the statements or declaration of Kinder but upon the testimony of the witnesses Kinder, Snell and Woods as to the statements and declarations made by plaintiff. The defendant had no duty to perform with reference to the abstract of title, further than not to pay the money until such abstract had been approved by Kinder, and Kinder's statement to it that he had approved the abstract was conclusive upon it within the scope of Kinder's authority as established by an apparent preponderance of the evidence.

While the second and fifth instructions given to the jury

at the instance of the defendant are not wholly accurate, in view of the evidence in the case, and the other given instructions, which stated the law with substantial accuracy, they could not have operated to mislead the jury. The first of plaintiff's refused instructions was properly refused because it injected into the case a question not in issue. The second of said refused instructions is in conflict with the first instruction offered by plaintiff and given by the court and plaintiff cannot complain because the court refused to give to the jury contradictory statements of the law at his request.

There is no error in the record prejudicial to the plaintiff, and as the verdict is apparently right upon the merits of the controversy, the judgment will be affirmed.

*Affirmed.*